IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

AMANDA E. LEWIS,

      Petitioner,

v.                                    CASE NO. 5:16-cv-29-LC-GRJ

SECRETARY, FLORIDA DEPT.
OF CORRECTIONS,

      Respondent.

_____/

## REPORT & RECOMMENDATION

Petitioner initiated this case by fling a Petition for a Writ of Habeas

Corpus pursuant to 28 U.S.C. § 2254, challenging her 2008 conviction in

Holmes County for first degree felony murder and aggravated child abuse.

(ECF No. 1.) Respondent filed the Motion to Dismiss Petition for Writ of

Habeas Corpus on January 24, 2017. (ECF No. 25.) Petitioner filed a

response, ECF No. 29, and the motion is, therefore, ripe for review.

## I.  State-Court Proceedings[1]

The State charged Petitioner by indictment filed in October 2007 with

First Degree Felony Murder and Aggravated Child Abuse. (ECF No. 26-1

_____

[1] The procedural background of this case is established by the state court
records filed separately as exhibits to the motion to dismiss. (ECF No. 26.)

at 34.) Following a jury trial that began on February 19, 2008, the jury found Petitioner guilty of both charges on February 22, 2008. (*Id.* at 74, 184.) Petitioner filed a motion for a new trial on February 28, 2008, which was denied. (*Id.* at 76–80, 89, 116–25.) Petitioner was sentenced on March 17, 2008, to life in prison for the murder conviction and 30 years' imprisonment, to run concurrent to the life-imprisonment sentence, for the aggravated child abuse conviction. (*Id.* at 89, 96–100, 116–28.)

Petitioner filed a notice of appeal on March 20, 2008. (*Id.* at 101–02.) Petitioner filed her initial brief in the District Court of Appeal for the First District of Florida ("First DCA") on March 11, 2009. (ECF No. 26-4 at 75–135.) The State filed an amended answer brief in September 2009, and petitioner replied in October 2009. (*Id.* at 137–212.) The First DCA affirmed in a written opinion filed May 6, 2010, and certified a question of great public importance. (*Id.* at 214–21.) The mandate followed on May 24, 2010. (*Id.* at 223.)

On June 9, 2010, Petitioner filed a notice of intent to invoke discretionary review by the Florida Supreme Court. (*Id.* at 225–26.) The Supreme Court of Florida, however, dismissed the case on June 16, 2010, because the notice was not timely filed. (*Id.* at 228.)

Petitioner then filed a petition for belated appeal in the Supreme Court of Florida on June 11, 2010. (*Id.* at 230–32.) The Supreme Court of Florida struck Petitioner's petition for belated appeal on June 16, 2010, because it did not satisfy the provisions of Florida Rule of Appellate Procedure 9.141. (*Id.* at 234.)

Petitioner filed a petition for belated discretionary review in the Supreme Court of Florida on June 25, 2010, and the State did not object to the Supreme Court of Florida granting the petition. (*Id.* at 236–40, 242–45.) The Supreme Court of Florida granted the petition seeking belated discretionary review and opened a new case to invoke discretionary jurisdiction on January 10, 2011. (*Id.* at 247.) Then on July 30, 2012, the Supreme Court of Florida denied Petitioner's petition for discretionary review. (*Id.* at 249.)

Petitioner filed her first motion for postconviction relief on December 2, 2013. (*Id.* at 264.) The court struck this motion for postconviction relief, and Petitioner filed an amended motion for postconviction relief on April 11, 2014. (*Id.*) The court also struck the amended motion for postconviction relief. (*Id.*)

Petitioner filed a second amended motion for postconviction relief

pursuant to Florida Rule of Criminal Procedure 3.850 on July 25, 2014.[2]
(*Id.* at 265–76.) The court denied Petitioner's second amended motion on
November 20, 2014. (*Id.* at 277–79.) Petitioner appealed the court's denial
of her second amended motion for postconviction relief, and the First DCA
affirmed *per curiam* without written opinion on March 17, 2015. (ECF No.
26-5 at 283.) The mandate followed on April 14, 2015. (*Id.* at 285.)

On June 26, 2015, Petitioner filed her petition for writ of habeas
corpus in the U.S. District Court for the Middle District of Florida. (*Id.* at
287, ECF No. 1.) The U.S. District Court for the Middle District of Florida
then transferred the petition to this Court on July 17, 2015. (ECF No. 4.)

## II.  <u>One-Year Limitation Period</u>

Petitions filed after April 24, 1996, are governed by 28 U.S.C. § 2254,
as amended by the Antiterrorism and Effective Death Penalty Act of 1996
("AEDPA"). *Penry v. Johnson*, 532 U.S. 782, 792 (2001). The AEDPA
created a limitations period for petitions for writ of habeas corpus brought
pursuant to § 2254:

A 1-year period of limitation shall apply to an application for a

---

[2] This is the date Petitioner provided her second amended motion to prison
officials for mailing. (ECF No. 26-4 at 274.)

writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). However, the AEDPA tolls the one-year limitation period for the time during which a properly filed application for State postconviction or other collateral review is pending, and may be equitably tolled in appropriate "extraordinary circumstances." § 2244(d)(2); *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000).

## III.  Discussion

As an initial matter, because Petitioner filed her Petition after April 24, 1996, the AEDPA governs his Petition. Petitioner's Petition is, therefore, subject to the AEDPA's one-year limitation period. Under §

2244(d)(1)(A), Petitioner was required to file her Petition by October 30, 2013, as discussed below, unless she properly filed state postconviction motions during this time period. Petitioner did not file any postconviction motions prior to October 30, 2013, and she did not file her Petition until June 26, 2015. For the reasons explained below, her Petition is untimely.

**A. Petitioner's Petition is untimely.**

To determine whether a petition was timely filed within one year after the conviction became final, the court must determine (1) when the prisoner filed the federal collateral petition, and (2) when the prisoner's judgment of conviction became final. *Adams v. United States*, 173 F.3d 1339, 1340–41 (11th Cir. 1999).

With respect to the first *Adams* prong, Petitioner filed her Petition in federal court on June 26, 2015. Under the mailbox rule, a *pro se* prisoner's collateral petition is filed on the date it is delivered to prison authorities for mailing. *Adams*, 173 F.3d at 1341. Accordingly, because Petitioner provided her Petition to prison officials for mailing on June 26, 2015, she is deemed to have officially filed his Petition on June 26, 2015. (ECF No. 1.)

As to the second *Adams* prong, Petitioner's judgment of conviction

became final on October 29, 2012. A judgment of conviction becomes final

when the opportunity for direct appeal of the judgment of conviction has

been exhausted. *Atkins v. United States,* 204 F.3d 1086, 1089 n.1 (11th

Cir. 2006). A petitioner, however, has a 90-day period in which to file a

certiorari petition with the Supreme Court of the United States before a

judgment of conviction is deemed to have become final. *Nix v. Sec'y for the

Dep't of Corrections*, 393 F.3d 1235, 1237 (11th Cir. 2004); *Kaufmann v.

United States*, 282 F.3d 1336, 1338 (11th Cir. 2002).

In this case, Petitioner appealed her conviction, and the First DCA

affirmed the conviction by written opinion on May 6, 2010. (ECF No. 26-4

at 214–21.) Petitioner then sought discretionary review in the Supreme

Court of Florida, and the Supreme Court of Florida denied Petitioner's

petition for discretionary review on July 30, 2012. (*Id.* at 249.) Therefore,

the 90-day period in which Petitioner had to file a certiorari petition with the

Supreme Court of the United States ended on October 29, 2012.

Accordingly, Petitioner's state conviction became final for AEDPA

purposes on October 29, 2012, and the AEDPA one-year statute of

limitations began the following day—October 30, 2012.

After Petitioner's conviction became final, her one-year period to file a federal habeas petition ran un-tolled in its entirety, ending on October 30, 2013. Petitioner did not file her first motion for postconviction relief until December 2, 2013, over a month after the one-year period expired. (*Id.* at 264.)

Once that statute of limitations period expired, nothing else petitioner did in state court—her first motion for postconviction relief, her amended motion for postconviction relief, or her second amended motion for postconviction relief—acted to toll the statute of limitations period further. *See Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) ("Under §2244(d)(2), even 'properly filed' state-court petitions must be 'pending' in order to toll the limitations period. A state-court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled."). Thus, since Petitioner did not file her Petition until June 26, 2015, almost two years after the statute of limitations had expired, Petitioner's federal habeas petition is untimely.

**B. Petitioner is not entitled to equitable tolling.**

In her Response, Petitioner argues that the untimeliness of her

petition should be excused because she relied in good faith upon law clerks to file legal work in a timely manner. Petitioner asserts that when she filed her motion for postconviction relief, she believed in good faith that it was timely and would effectively toll the time to file her federal habeas petition. Petitioner asserts that she should not be penalized for the incorrect information the law clerk provided her about the start date for the one-year period and whether holidays counted toward the time period. (ECF No. 29.)

While a petitioner is entitled to equitable tolling if she shows "(1) that she has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in her way' and prevented timely filing," Petitioner has not done so here. *See Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace*, 544 U.S. at 418). "[T]he circumstances of a case must be 'extraordinary' before equitable tolling can be applied . . . ." *Id.* at 652. "The petitioner bears the burden of showing that equitable tolling is warranted," *Paulcin v. McDonough*, 259 F. App'x 211, 212 (11th Cir. 2007), and the Petitioner must show "*both* extraordinary circumstances and due diligence." *Diaz v. Sec'y for Dep't of Corr.*, 362 F.3d 698, 702 (11th Cir. 2004.)  Notably, "equitable tolling is an extraordinary remedy [that] is

limited to rare and exceptional circumstances and typically applied

sparingly." *Hunter v. Ferrell*, 587 F.3d 1304, 1308 (11th Cir. 2009) (internal

quotation marks omitted).

In this case, Petitioner has failed to demonstrate the requisite

extraordinary circumstances and due diligence to warrant equitable tolling

of her AEDPA statute of limitations. The fact that Petitioner is unfamiliar

with the law and incorrectly relied in good faith on representations of a

prison law clerk are insufficient to entitle Petitioner to equitable tolling. *See,*

e.g., *Perez v. Florida*, 519 F. App'x 995, 997 (11th Cir. 2013) ("[W]e have

not accepted a lack of legal education and related confusion or ignorance

about the law as excuses for a failure to file in a timely fashion."); *Marsh v.*

*Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (finding that inadequate

prison law clerks and ignorance of the law did not entitle petitioner to

equitable tolling); *see also DeLeon v. State of Fla. Dep't of Corr.*, 470 F.

App'x 732, 734 (11th Cir. 2012) (unpublished) ("The lack of legal education

[and] the absence of legal counsel . . . do not excuse a failure to file a §

2254 petition in a timely fashion."); *cf. Steed v. Head*, 219 F.3d 1298, 1300

(11th Cir. 2000) (finding that even "[a]n attorney's miscalculation of the

limitations period or mistake is not a basis for equitable tolling"). Because

Petitioner is not entitled to equitable tolling, the Petition is untimely and should be dismissed.

## Certificate of Appealability

Section 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

Rule 11(a) also provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED**:

1.    Respondent's Motion to Dismiss Petition for Writ of Habeas Corpus, ECF No. 25, should be **GRANTED**, and the petition for writ of habeas corpus, ECF No. 1, should be **DISMISSED**.

2.    A certificate of appealability should be **DENIED.**

**IN CHAMBERS**  this 6th day of June 2017.


*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge


## <u>NOTICE TO THE PARTIES</u>

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636**.